IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| IMS ENGINEERS-ARCHITECTS, P.C. | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-291 C |
| | ) | (Judge Christine O.C. Miller) |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant | ) | |

DEFENDANT'S ANSWER

For its answer to plaintiff's Complaint, defendant, the United States of America ("the Government"), admits, denies and alleges as follows:

The allegations contained in plaintiff's Introduction constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required.

**I. PARTIES AND JURISDICTION**

1. Denies that the allegations contained in paragraph 1 for lack of knowledge and information sufficient to form a belief as to their truth.

2. Admits the filing of the complaint which constitutes the best evidence of its meaning and content.

3. Admits that plaintiff IMS Engineers-Architects, P.C. ("IMS" or "plaintiff") submitted a request for an equitable adjustment to James Rich, Chief of Contracting Division.

4. Admits.

5. Admits.

6. Admits.

7. Denies that the parties engaged in any negotiations after the dismissal of the appeals. Admits the assertions made in the second sentence with regard to the issuance of a formal decision by the contracting officer.

8. Admits.

## II. NOTICE OF RELATED CLAIMS/CASES

9. Denies the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

## III. FACTUAL BACKGROUND

Defendant incorporates by reference its responses to Paragraphs 1 through 9 above.

10. Admits the allegations contained in the first and second sentences of paragraph 10 and denies the remainder of the allegations contained the third and fourth sentences of paragraph 10.

11. Admits the existence of the government audit report, which is the best evidence of its contents. The remaining allegations contained in paragraph 11 constitute characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

12. Denies that the allegations contained in paragraph 12 for lack of knowledge and information sufficient to form a belief as to their truth.

13. Denies that the allegations contained in paragraph 13 for lack of knowledge and information sufficient to form a belief as to their truth.

14. Denies that the allegations contained in the first six sentences of paragraph 14 for lack of knowledge and information sufficient to form a belief as to their truth. Denies all allegations set forth in the last three sentences of paragraph 14.

**IV. Count I**

Defendant incorporates by reference its responses to Paragraphs 1 through 14 above

15. Admits the allegations contained in paragraph 15 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Denies.

19. Admits.

20. Admits the existence of the government audit report, which is the best evidence of its contents. Admits the quoted language in the first sentence of paragraph 20 is contained in the audit report. Admits that the contract was transferred to the Baltimore District as alleged in the first sentence of paragraph 20 and further admits that the contract was terminated, but denies the remaining allegations including the allegations of a "secret and informal meeting" on February 24, 1994, between

representatives from Watervliet Arsenal and the Huntsville Division and the Baltimore District. The remaining allegations contained in first sentence of paragraph 20 constitute characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits that the contract was awarded to Malcolm and Pirnie stated in the second sentence, but denies the remaining allegations. Denies the allegations contained in the second sentence of paragraph 20 regarding the size of Malcolm & Pirnie as well as their location in relation to Watervliet Arsenal the location for lack of knowledge and information sufficient to form a belief as to their truth. Denies the allegations contained in the third sentence of paragraph 20 for lack of knowledge and information sufficient to form a belief as to their truth.

21. Admits the existence of the government audit report, which is the best evidence of its contents. Admits the allegation in paragraph 21 that the Watervliet Arsenal requested that the Corps terminate the contract with IMS.

22. Admits the allegations regarding the contract between the Baltimore District and Malcolm Pirnie to the extent supported by the contract cited, which is the best evidence of its contents. Admits that by September 1994, the Corps and Watervliet Arsenal had determined that the work at Watervliet would be completed by Malcolm Pirnie under the existing contract with the Corps Baltimore District. Denies all remaining allegations of paragraph 22

23. The allegations contained in Paragraph 23 constitute characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies that the allegations contained in paragraph

23 regarding Malcolm & Pirnie's intentions for lack of knowledge and information sufficient to form a belief as to their truth.

24. Admits the allegations in the first sentence of paragraph 24. Denies the allegations contained in the second sentence of paragraph 24 for lack of knowledge and information sufficient to form a belief as to their truth.

25. Admits only that the SBA did write a letter to the Huntsville Division dated August 11, 1994. The remaining allegations contained in paragraph 25 constitute characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

26. Admits the allegations contained in paragraph 26 with the exception of the allegation that this was "an attempt to buy IMS's silence" which constitutes a characterization of plaintiff's case to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

27. Admits only that the SBA did write a letter to the Huntsville Division dated August 31, 1994. The remainder of the allegations and implications contained in paragraph 27 constitute characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

28. Admits that the IMS contract was still in effect in August of 1994. Denies the allegations as to what the plaintiff believed regarding any contract with Malcolm & Pirnie in 1994 for lack of knowledge or information sufficient to form a belief. Admits the allegations, to the extent they are supported by the contracts cited, which is the best evidence of its contents; otherwise denies the allegations of paragraph 28. Denies that

the work IMS was to perform was the same in scope and quantity as the work Malcolm & Pirnie was contracted to perform.

29. Admits the existence of the government audit report, which is the best evidence of its contents. Admits that the quoted language in paragraph 29 is contained in the audit report. The remaining allegations contained in paragraph 29 constitute characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

30. Denies the allegations contained in the first and second sentence of paragraph 30. The remaining allegations contained in paragraph 30 constitute characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

31. Denies the allegations contained in paragraph 31 regarding IMS's concerns of being denied work under other existing contracts with the Baltimore District for lack of knowledge and information sufficient to form a belief as to their truth. Denies the allegation that the Corps was in some way punishing and/or threatening to punish the IMS.

32. Admits that IMS Contract 0004 did remain in effect and was transferred to the Baltimore District on or about September 13, 1994, but denies the all remaining allegations including allegations of "behind the scene maneuvering" contained in paragraph 32.

33. Admits that the Huntsville Division gave IMS negative ratings. All remaining allegations in paragraph 33, constitute characterizations of plaintiff's case to

which no response is required; to the extent they may be deemed allegations of fact, they are denied.

34. Denies the allegations contained in paragraph 34 regarding IMS's allegation that their work was excellent for lack of knowledge and information sufficient to form a belief as to their truth. Denies that informal complaints regarding IMS's work were "concocted" by the Huntsville Division and Watervliet Arsenal. Admits the existence of the government audit report, which is the best evidence of its contents. The remaining allegations contained in paragraph 34 constitute characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

35. Admits the existence of the government audit report, which is the best evidence of its contents. Admits that the quoted language in paragraph 35 is contained in the audit report. The remaining allegations contained in paragraph 35 constitute characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

36. Denies that a proper termination for convenience was not issued. Admits the remainder of the allegations contained in paragraph 36.

37. Admits the allegations contained in the first sentence of paragraph 37. Denies the allegations contained in the second sentence of paragraph 37 for lack of knowledge and information sufficient to form a belief as to their truth. Denies the remaining allegations in the last three sentences of paragraph 37.

38. Denies the allegation contained in the first sentence of paragraph 38 for lack of knowledge and information sufficient to form a belief as to the truth. Admits the allegations contained in the second sentence of paragraph 38.

39. Admits that a formal termination letter was sent out on March 25, 1996, but denies all remaining allegations including that plaintiff is entitled to any compensation for Contract 0004 other than what has already been paid.

40. Admits the existence of the government audit report, which is the best evidence of its contents. Admits that the quoted language in paragraph 40 is contained in the audit report. The remaining allegations contained in paragraph 40 constitute characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied including plaintiff's allegations of "corruption and favoritism."

41. Admits that the plaintiff signed the termination modification on November 14, 1996, but denies all remaining allegations. Denies the allegations that plaintiff was brought to "the brink of financial collapse" for lack of knowledge and information sufficient to form a belief as to the truth.

42. Denies the allegations contained in paragraph 42 for lack of knowledge and information sufficient to form a belief as to the truth. Denies any allegation of wrongdoing.

43. Admits the existence of the government audit report, which is the best evidence of its contents. The remaining allegations contained in paragraph 43 constitute characterizations of plaintiff's case to which no response is required; to the extent they

may be deemed allegations of fact, they are denied including the allegations of fraud contained in the first sentence of paragraph 43.

44. Denies the allegations contained in paragraph 44 regarding plaintiff's subjective characterizations of feeling pressure from defendant for lack of knowledge and information sufficient to form a belief as to the truth. Denies the allegations set forth in paragraph 44 that Contracts 0046 and 0057 were used as leverage to force plaintiff to agree to the termination of Contract 0004.

45. Denies that it was under any obligation to provide work beyond the minimum specified in the contract and denies the remaining allegations contained in paragraph 45 for lack of knowledge and information sufficient to form a belief as to the truth.

46. Admits the existence of the government audit report, which is the best evidence of its contents. Admits that the quoted language in paragraph 46 is contained in the audit report. The remaining allegations contained in paragraph 46 constitute characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

47. Admits the existence of the government audit report, which is the best evidence of its contents. The remaining allegations contained in paragraph 47 constitute characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

48. Admits the existence of the government audit report, which is the best evidence of its contents. The remaining allegations contained in paragraph 48 constitute characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

49. Denies.

50. The allegations contained in paragraph 50 constitute conclusions of law and characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

**V. Count II**

Defendant incorporates by reference its responses to Paragraphs 1 through 50 above.

51. Admits to the extent supported by the contract cited.

52. Admits to the extent supported by the contract cited.

53. Denies the allegations contained in paragraph 53 for lack of knowledge and information sufficient to form a belief as to the truth.

54. The allegations contained in paragraph 54 constitute characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

55. The allegations contained in the first and second sentences of paragraph 55 constitute characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits giving plaintiff $646,414 worth of work under Contract 0046, but denies the remaining allegations in the third sentence of paragraph 55. Admits that this amount exceeded the minimum amount, but denies the remaining allegations in the fourth sentence of paragraph 55. The allegations contained in sentence five of paragraph 55 constitute characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

56. The allegations contained in the first sentence of paragraph 56 constitute characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegation set forth in the second sentence of paragraph 56 except denies that plaintiff was an "'excellent' rated contractor." Denies the allegations contained in the third sentence of paragraph 56 for lack of knowledge and information sufficient to form a belief as to the truth. Admits the existence of Contract DACA31-93-D-0064 with Horne Engineers and admits that this contract had a minimum of $3,000,000 and was nonetheless used for the amount of $6,300,000, but denies the remaining allegations of sentences four, five and six of paragraph 56.

57. Admits the first sentence of paragraph 57, except denies that Ms. Mitchell is a contracting specialist. Denies the allegations set forth in the second and third sentences of paragraph 57. Admits that orders on 0046 halted, but denies the characterization that the halt was "inexplicable."

58. Denies the allegations contained in paragraph 58 for lack of knowledge and information sufficient to form a belief as to their truth. To the extent the letters exist, they constitute the best evidence of their meaning and content. Denies that plaintiff had been "blacklisted."

59. Admits that plaintiff contacted the individuals listed in the first sentence of paragraph 59, but the remaining allegations constitute characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations set forth in the second sentence of paragraph 59 for lack of knowledge and information sufficient to form a belief as to the truth. The

allegations contained in the third sentence of paragraph 59 constitute characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

60. The allegations contained in paragraph 60 constitute characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Defendant specifically denies giving "bad reference," or engaging in discriminatory and bad faith actions.

61. Denies that the allegations contained in paragraph 61 for lack of knowledge and information sufficient to form a belief as to their truth. To the extent the letters exist, they constitute the best evidence of their meaning and content.

62. Denies that the allegations contained in paragraph 62 for lack of knowledge and information sufficient to form a belief as to their truth. To the extent the letters exist, they constitute the best evidence of their meaning and content.

63. Denies that the allegations contained in paragraph 63 for lack of knowledge and information sufficient to form a belief as to their truth. To the extent the letters exist, they constitute the best evidence of their meaning and content.

64. Denies the allegations contained in the first three sentences of paragraph 64. Admits that Mr. Singh wears a religiously mandated turban but denies the remaining allegations of the fourth sentence of paragraph 64.

65. The allegations contained in the first sentence of paragraph 65 constitute legal conclusions and characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations stated after the first sentence of paragraph 65 to the extent they are supported

by the performance evaluation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 65.

66. Admits that the plaintiff and the Federal SBA sought an extension for Contract 0046. Admits that the request for an extension was denied and that Contract 0046 expired on September 30, 1997. Denies the remainder of the allegations contained in paragraph 66.

67. The allegations contained in the first sentence of paragraph 67 constitute characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 67. The allegations contained in the third sentence of paragraph 67 constitute characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

68. Denies the allegations of bad faith in the first sentence of paragraph 68 and denies the remaining allegations in the first sentence for lack of knowledge and information sufficient to form a belief as to the truth. The allegations set forth in the second sentence of paragraph 68 constitute conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

**VI. Count III**

Defendant incorporates by reference its responses to Paragraphs 1 through 68 above.

69. Denies the allegations set forth in the first sentence in paragraph 69. Admits the remainder of paragraph 69.

70. Admits the allegations set forth in the first sentence of paragraph 70 and up to "($166,710.00)." Denies the remaining allegations of paragraph 70.

71. Denies the allegations set forth in the first sentence of paragraph 71. Denies the allegations contained in the second sentence of paragraph 34 for lack of knowledge and information sufficient to form a belief as to their truth. Admits that the request for extension was denied, but denies all remaining allegations contained in the third sentence of paragraph 71.

72. Admits the allegations set forth in the first sentence of paragraph 72. The allegations contained in the second sentence of paragraph 72 constitute characterizations of plaintiff's case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

73. Admits to the extent supported by the letter cited.

74. Admits.

75. Denies all the allegations set forth in paragraph 75 including that plaintiff was damaged in the amount of two million seventy seven thousand two hundred and seventy six dollars or any other amount.

76. Denies each and every allegation not previously admitted or otherwise qualified or any relief whatsoever.

**VII. Defenses and Affirmative Defenses**

77. Government obligations under Contracts 0004, 0046, and 0057 have already been satisfied.

78. Plaintiff's claim is barred by laches.

79. Plaintiff's claim is barred by accord and satisfaction.

80. Plaintiff's claim is barred by election of remedies.

81. Plaintiff's claim is barred by collateral estoppel.

82. Plaintiff's claim is barred by the statute of limitations.

WHEREFORE, defendant requests that the Court enter judgment in its favor, that the complaint be dismissed, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-0315
Fax: (202) 514-8624

August 29, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of August 2007, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Robert C. Bigler