**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **IMS ENGINEERS-ARCHITECTS, P.C.** | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **No.07-291 C** **(Judge Christine O.C. Miller)** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant** | ) | |

**PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff respectfully submits the following preliminary status report. Plaintiff is unable to join with defendant in the filing of a joint status report, since on Friday, October 19, 2007 defendant transmitted a version of a joint status report to plaintiff that included legal argument, case citations, and other attempts at case briefing. Despite plaintiff's objections, defendant refused to remove this legal argument. Counsel for plaintiff believes such argument in a joint status report is improper, as is thus unable to sign the joint status report as proposed by defendant.

**a. Jurisdiction**

Plaintiff states that the Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491.

**b. Consolidation**

Plaintiff states that this case should not be consolidated with any other case.

**c. Bifurcation**

Plaintiff states that trial of liability and damages should not be bifurcated.

d. **Deferral**

Plaintiff states that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. **Remand/Suspension**

Plaintiff states that no remand or suspension will be sought.

f. **Joinder**

Plaintiff states that no additional parties will be joined; plaintiff's complaint currently deals with the actions of both the Huntsville Division and the Baltimore District of the Army Corps of Engineers.

g. **Dispositive Motions**

Plaintiff strongly doubts that this case will be appropriate for resolution by dispositive motions.

h. **Relevant Issues**

**Plaintiff's Relevant Issues**

1). Whether 8(a) contractor IMS was wrongfully deprived of work under Contract DACA 87-92-C-0004 (Contract 0004) breaching the Government's duty of good faith and fair dealing, and whether ethnic/racial discrimination and/or dislike of 8(a) contractors played a role in this deprivation of work.

2). Whether the Corps of Engineers committed an act of bad faith or breach of contract by giving 8(a) contractor IMS's work under Contract 0004 to a large business, diverting it out of the 8(a) program, while IMS's 8(a) contract was still in effect.

3). Whether the Corps of Engineers breached Contract 0004 by not allowing IMS to complete the work under Contract 0004?

4). Whether the Corps of Engineer's decision to terminate IMS's Contract 0004 for convenience was an abuse of discretion amounting to a breach of contract?

5). Whether the Corps of Engineer's decision to pay a large contractor $2,913,418.00 to perform work that IMS had committed to perform at a cost of $1,406,320.00 under Contract 0004, was illegal, irrational, and a breach of contract.

6). Whether the Corps of Engineers committed several acts of bad faith, deception, and duress against IMS to induce IMS to agree to the termination for convenience of Contract 0004

7). Whether the Corps of Engineers deprived IMS of work under other contracts in retaliation for IMS's actions under Contract 0004, and deprived IMS of potential follow up work on the site covered by Contract 0004.

8). Whether the Corps of Engineers owes IMS the following damages:

a. The balance of money due on the termination of Contract 0004, as well as overhead expenses, lost profits, and additional damages for the bad faith breach of Contract 0004.

b. Lost Profits, overhead expenses and breach damages on the contracts DACA31-92-D-0046 (0046) and DACA31-95-D-0057 (0057).

c. Damages for the loss of follow-up work on the site covered by Contract 0004.

**i. <u>Settlement</u>**

At this time, plaintiff cannot state whether this case can be settled. If deemed warranted, the parties will pursue settlement negotiations as the litigation progresses.

**j. <u>Trial</u>**

If the case is not settled, Plaintiff anticipates proceeding to trial. At this time, the plaintff does not request expedited trial scheduling.

**k. <u>Additional Information</u>**

There is no additional information of which the Court should be aware at this time.

**l. <u>Proposed Discovery Plan</u>**

Counsel for plaintiff intends to conduct discovery through interrogatories, requests for production of documents, and depositions. The parties propose a discovery deadline of July 1, 2008.

Dated: October 22, 2007

Respectfully Submitted,

**Camardo Law Firm, P.C.**

<u>s/Joseph A. Camardo, Jr.</u>
Joseph A. Camardo, Jr.
127 Genesee Street
Auburn, NY 13021
Tel (315) 252-3846
Fax (315) 252-3508

Attorney for Plaintiff