**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **IMS ENGINEERS-ARCHITECTS, P.C.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No.07-291 C**<br>**(Judge Christine O.C. Miller)** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully submits the following preliminary status report. Defendant attempted to develop this status report jointly with plaintiff, but plaintiff apparently objects to defendant's statement of the relevant factual and legal issues and, as a result, refused to file a joint report. Defendant offered plaintiff the opportunity to revise its statement of the relevant issues, if it so desired. Defendant also agreed not to oppose any motion that plaintiff might file to obtain more time, but plaintiff refused either of these options. Plaintiff's refusal is unreasonable given that defendant allowed plaintiff to include anything it desired in its statement of factual and legal issues and because the parties could easily have filed a joint report that simply noted their areas of disagreement since the factual and legal issues section appears to be the only area of disagreement.

**a. Jurisdiction**

Defendant is currently unaware of any basis on which to challenge the Court's jurisdiction.

**b. <u>Consolidation</u>**

Defendant believes that this case should not be consolidated with any other case.

**c. <u>Bifurcation</u>**

Defendant believes that trial of liability and damages should not be bifurcated.

**d. <u>Deferral</u>**

Defendant believes that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

**e. <u>Remand/Suspension</u>**

At this time, defendant does not plan to seek a remand or suspension.

**f. <u>Joinder</u>**

The defendant is not aware of any additional parties that should be jointed.

**g. <u>Dispositive Motions</u>**

Defendant will likely file a motion to dismiss Counts 2 and 3 of the complaint because the Government ordered the minimum amount required by the contracts that are the basis of these claims. Defendant has not yet determined whether it will file any other dispositive motions.

**h. <u>Relevant Issues</u>**

**Defendant identifies the following relevant factual and legal issues:**

This is a Contract Disputes Act claim including breach of contract claims and a request for equitable adjustment. IMS Engineers-Architects, P.C. ("IMS") brings this breach of contract action against the United States, acting through the U.S. Army Corps of Engineers, asserting that the Corps breached three separate contracts; one fixed price

contract and two Indefinite Delivery, Indefinite Quantity, (IDIQ) contracts, and did so in bad faith. IMS now seeks $9,153,176.00 in damages arising from the three contracts.

IMS first maintains that it was wrongfully deprived of work under Contract No. DACA87-92-D-0004 (Contract 0004), breaching the Government's duty of good faith and fair dealing. The Huntsville District awarded Contract 0004 to IMS on December 24, 1991, for contamination investigation and remedial designs at Watervliet Arsenal, New York, with a scheduled completion date of January 4, 1993, at a firm-fixed-price of $859,663. On March 25, 1996, the contract was transferred from the Huntsville District to the Baltimore District at which time the contract was terminated for convenience. At the time of the termination for convenience, the contract amount was $1,406,320.00 with a completion date of July 22, 1996. IMS claims to be entitled to at least $3,329,135.00 with respect to Contract 0004.

1) <u>IMS's Claims Are Barred By The Doctrine Of Accord And Satisfaction</u>

IMS's claim, as alleged in Count 1 of its complaint, that the Corps improperly terminated Contract 0004 must fail under the doctrine of accord and satisfaction. Mr. Iqbal Singh acted in his official capacity as the President of IMS when he agreed to the Contract 0004 termination settlement whereby the Corps agreed to pay IMS an additional $499,999. The Corps paid IMS the agreed upon settlement amount on December 24, 1996, via Treasury Check #394340.

In addition, Mr. Singh, as IMS's president, signed a release on December 23, 1996, for the termination of Contract 0004. The release IMS signed is unambiguous and reads as follows:

RELEASE

> The work under Contract Number DACA87-92-C0004, dated December 24, 1991 between the United States of America, represented by William C. Ryals Contracting Officer, and the undersigned contractor, having been completed and finally accepted, the United States, its officers and agents, are hereby released from all claims and demands whatsoever arising under or by virtue of said contract, except as follows: (If none, so state.) None

Therefore, the defendant will assert accord and satisfaction as an affirmative defense based upon the valid and unambiguous release that precludes IMS from asserting further claims relating to Contract 0004.

2) IMS Cannot Assert A Claim For More Than The Minimum IDIQ Amount

Counts 2 and 3 of IMS's complaint are based upon two IDIQ contracts with the Corps. IDIQ contracts require the Government to purchase at least a certain minimum dollar amount worth of services from a particular contractor. Additionally, the Government is bound by a maximum dollar value for services from a particular contractor that it may not exceed. Both the minimum and maximum dollar amounts are stated in the terms of the contract.

An IDIQ contract requires that the Government purchase at least the stated minimum of supplies in the contract within the specified period of time. See Travel Centre v. Barram, 236 F.3d 1316, 1318-19 (Fed. Cir. 2001). After the Government entity has purchased the minimum amount, that same entity is free to seek out other sources for the same services or supplies at its discretion, thus "[a]n IDIQ contract does not provide any exclusivity to the contractor." Id.

IMS entered into two such contracts with the Corps. On September 30, 1992, IMS entered into the first IDIQ contract, DACA31-92-D-0046 (Contract 0046), which

had specified a minimum award of $100,000 and a maximum of $3,000,000. Due to several modifications extending its duration, Contract 0046 expired on its own terms on September 30, 1997, after generating $654,555.00 worth of work for IMS through two delivery orders.

The Corps awarded IMS the second IDIQ contract, Contract DACA31-95-D-0057 (Contract 0057), on June 30, 1995. This contract carried a minimum of $15,000 and a maximum of $750,000. After the issuance of two delivery orders, Contract 0057 expired by its own terms after generating $130,676.00 worth of work for IMS.

Because the Corps exceeded the stated minimum in both IDIQ contracts, its obligation to IMS was satisfied. IMS cannot assert a claim for more then the minimum guarantee on an IDIQ contract since, by definition, the Government is only required to purchase from the contractor the amount stated in the minimum guarantee.

3) IMS's Claims Are Barred By The Doctrine Of Laches

Defendant will also assert that plaintiff's claims are barred by the doctrine of laches because plaintiff waited almost six years after filing its certified claim on July 23, 2001, before filing its complaint on May 8, 2007.

**i. Settlement**

At this time, the defendant believes settlement is unlikely.

**j. Trial**

If the case is not settled and if the Government does not prevail on a dispositive motion, the defendant anticipates proceeding to trial. Defendant does not request expedited trial scheduling.

**k.** **Additional Information**

There is no additional information of which the Court should be aware at this time.

**l.** **Proposed Discovery Plan**

The defendant proposes a discovery deadline of July 1, 2008.

Respectfully Submitted,

.

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Deborah A. Bynum
DEBORAH A. BYNUM
Assistant Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-0315
Fax: (202) 514-8624

Dated: October 22, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of October 2007, a copy of the foregoing "DEFENDANT'S PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Robert C. Bigler